UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**AUSTIN TYLER CATES**  PLAINTIFF

v.  CIVIL ACTION NO. 4:22CV-P160-JHM

**HENDERSON COUNTY DETENTION
CENTER** *et al.*  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Austin Tyler Cates filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a pretrial detainee at the Henderson County Detention Center (HCDC). He sues HCDC, as well as Deputy Casey, Sergeant Lanham, Officer Shumate, Major Payne, and Colonel Gibson in their individual and official capacities.

Plaintiff states that on May 6, 2022, Defendant Casey entered his cell area to do a "20 minute visual round." Plaintiff asserts as follows:

> While completing a 20 minute visual Deputy Casey came to [Plaintiff's] cell door at 506 and made the comment "Dont get quiet now, what are you doing, playing with your ass again?" [Plaintiff] then verbally stated to Deputy Casey "Don't speak to me like that, that shits weird and make me feel uncomfortable." Deputy Casey then responds to [Plaintiff] saying "Whats wrong, your ass hurting, you dont want no more?" [Plaintiff] then demands Deputy Casey to quit talking to him and leave him alone. [Plaintiff] begins waving the camera in cell 506 to report the incident to the supervisor on shift (Maj. Payne). [Plaintiff] spoke with Major Payne in cell 506 informing him of the sexual comments made by Deputy Casey. Major Payne stated "You will be alright, that's not something you have to report immediately. Just put it in on the tablet." After the initial verbal report, Deputy Casey continued to do 20 min. visuals in 502 continuously coming to my door laughing and making comments.

Plaintiff maintains that he reported the incident to several deputies and was "dismissed." He states that later that night he "wrote a [Prison Rape Elimination Act] [(]PREA[)] statement on the tablets request system." He reports that the next day Defendant Casey "continued doing 20 minute visuals and continued trying to conversate with [Plaintiff] trying to ask him 'why you put a PREA on me' 'Its not gonna work' and laughing and making comments."

Plaintiff further asserts as follows:

> [Plaintiff] began kicking 506 door in attempts to get a supervisor on shift to the 502 ISO area & after about 20 min. of kicking, Sgt. Lanham came back there and I told him I didn't feel comfortable/safe around Deputy Casey, and he continues to try and ask me about the PREA report. Lanham tells me Im lying. On May 10th (Monday) I was escorted to Major Payne's office where I was asked about the PREA and I told them what had happened and I wanted to pursue charges and I was then asked to "take it easy on him, he's kinda new" and was told "we took it easy on you at a couple court call disciplinary reviews, so try to be easy on him, lets just let this go, and we can keep things easy on you" so I agreed at that point because I was scared of retaliation but then I gained knowledge of the 1983 suit and now Im pursuing this matter in a legal way . . . .

Plaintiff states that Defendants Gibson, Shumate, Payne, and non-Defendant Major McElresh were present at the initial PREA investigation.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure

2

to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *HCDC and official-capacity claims*

HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Henderson County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, Henderson County.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality

4

under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any action was taken pursuant to a policy or custom of Henderson County. Accordingly, Plaintiff's official-capacity claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

#### 1. Defendant Casey

Plaintiff's allegations against Defendant Casey are based on alleged verbal abuse. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th. Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (same). Moreover, verbal harassment, even harassment that is sexual in nature, does not give rise to a constitutional violation. *Goodwin v. Vanburn*, No. 7:22-cv-00164, 2022 U.S. Dist. LEXIS 76537, at *6 (W.D. Va. Apr. 27, 2022) (dismissing pretrial detainee's Fourteenth Amendment claim based on harassing sexual language by correctional officer). Therefore, Plaintiff's individual-capacity claim against Defendant Casey will be dismissed for failure to state a claim upon which relief may be granted.

#### 2. Defendants Lanham, Shumate, Payne, and Gibson

The Court construes Plaintiff's allegations against Defendants Lanham, Shumate, Payne, and Gibson as alleging that they failed to adequately investigate his PREA complaint against

Defendant Casey. However, several courts have recognized that an alleged failure to investigate a PREA complaint does not state a constitutional claim. *See, e.g.*, *Williams v. Guester*, No. 1:22-cv-984, 2023 U.S. Dist. LEXIS 21443, at *24-29 (W.D. Mich. Feb. 8, 2023) (dismissing due process claims based upon prison officials' alleged failure to investigate a PREA complaint); *Bracy v. Tully*, No. 1:22cv827 (RDA/WEF), 2022 U.S. Dist. LEXIS 143051, at *8-9 (E.D. Va. Aug. 10, 2022) (holding "no freestanding constitutional right" to an investigation into a PREA complaint under § 1983) (citation omitted) (collecting cases); *Miles v. Mitchell*, No. 3:18-CV-P116-CRS, 2018 U.S. Dist. LEXIS 193225, at *13 (W.D. Ky. Nov. 13, 2018) (dismissing a PREA failure-to-investigate claim finding that "an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person") (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)).

Moreover, several courts have found that the PREA, codified at 42 U.S.C. § 15601 *et seq.*, does not create a private cause of action. *See, e.g.*, *Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 U.S. Dist. LEXIS 129249, at *9 (W.D. Ky. Sept. 16, 2014) ("[T]he PREA creates no private right of action."); *Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 U.S. Dist. LEXIS 114727, at *6 (W.D. Ky. Aug. 19, 2014) (same); *Chapman v. Willis*, No. 7:12-CV-00389, 2013 U.S. Dist. LEXIS 74694, at *11-12 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action to enforce a PREA violation."); *Holloway v. Dep't of Corr.*, No. 3:11VCV1290 (VLB), 2013 U.S. Dist. LEXIS 23243, at *5 (D. Conn. Feb. 20, 2013) ("There is nothing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act.").

For these reasons, the Court will dismiss Plaintiff's individual-capacity claims against Defendants Lanham, Shumate, Payne, and Gibson based on their alleged failure to adequately investigate his PREA complaint for failure to state a claim upon which relief may be granted.

To the extent the Court could construe a separate claim against any of these Defendants based on Plaintiff's allegation that he did not further pursue his PREA complaint against Defendant Casey because he was "scared of retaliation," a retaliation claim requires "actual injury, rather than a speculative fear of injury[.]" *Freeman v. Carraway*, No. 5:19CVP150-TBR, 2019 U.S. Dist. LEXIS 202243, at *7 (W.D. Ky. Nov. 21, 2019); *Valley Forge Christian College v. Ams. United for Separation of Church & State*, 454 U.S. 464, 471 (1982). Here, Plaintiff's speculative fear of retaliation does not state a retaliation claim. *See Ely v. Campbell*, 8 F. App'x 472, 473 (6th Cir. 2001) (affirming district court's dismissal of retaliation claim where *pro se* prisoner plaintiff merely speculated that he might be subjected to retaliation). Therefore, Plaintiff's claims based on his fear of retaliation will be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date: April 19, 2023

*Joseph H. McKinley Jr.*, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Henderson County Attorney
4414.010